IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC DRAPER,

　　　　　　　　　　　　　　　　　　　　　　ORDER

　　　　　　Petitioner,

　　　　　　　　　　　　　　　　　　　　　　3:08-cv-00020-bbc

　　v.

JOHN WAGNER,

　　　　　　Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　　This is a proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983. Petitioner Eric Draper, who was confined at the Dane County jail in Madison, Wisconsin, alleges that respondent John Wagner, a deputy at the jail, violated his rights when he made an offensive racial statement.

　　　　Petitioner seeks leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915. In support of his request, petitioner has submitted a statement showing that he receives $162 per month in food stamps and a statement from Fifth Third Bank showing that he has $.44 in his checking account. From his affidavit of indigency I conclude that petitioner is unable to pay the $350 fee for filing this case. (I note that petitioner has provided an address in Indianapolis, Indiana as his place of residence. It is unclear when

1

petitioner was released from the Dane County Jail and for what time period he was there. He states only that the events in the complaint took place on February 17, 2006. Nevertheless, because petitioner was not incarcerated at the time he filed his complaint, he is not subject to the terms of the Prison Litigation Reform Act that apply only to prisoners. E.g., Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998).)

In addressing any pro se litigant's complaint, the court must construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 521 (1972), and grant leave to proceed if there is an arguable basis for a claim in fact or law. Neitzke v. Williams, 490 U.S. 319 (1989). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. § 1915(e)(2).

In his complaint, petitioner makes the following allegations of fact.

## ALLEGATIONS OF FACT

At times relevant to his complaint, petitioner Eric Draper was confined at the Dane County jail in Madison, Wisconsin. He is no longer incarcerated.

Respondent John Wagner is a deputy at the Dane County jail.

On February 17, 2006, while petitioner was "sitting on [his] bunk with an open package of Duplex Cookies," respondent said to him, "You are going to look like an Oreo

2

cookie if you keep eating them." After respondent made the comment, petitioner asked if anyone else heard the comment and three other inmates responded that they had heard the comment and thought that what respondent said was "wrong" and "racist."

## OPINION

Although petitioner does not expressly state that his constitutional rights have been violated, he appears to be contending that respondent's comment violated his constitutional right to equal protection. In his complaint, petitioner says that he believes respondent's comment reflected respondent's "hatefulness to [his] race" and that the comment was defamatory and unethical.

Racism in any form is reprehensible and should not be condoned in any part of society. Although prisoners are expected to endure many "harsh" and "restrictive" conditions as "part of the penalty . . . for their offenses," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), bigotry and intolerance should not be among them. Santiago v. Miles, 774 F. Supp. 775, 777 (W.D.N.Y. 1991) ("Racism is never justified; it is no less inexcusable and indefensible merely because it occurs inside the prison gates.")

Nevertheless, not all racial insensitivity violates the Constitution. The Court of Appeals for the Seventh Circuit has stated flatly that "the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone,

3

simple verbal harassment does not constitute cruel and unusual punishment, deprive a person of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2002).  While respondent's comment was perceived by petitioner and three other inmates as offensive and discriminatory, it does not rise to the level of a constitutional violation.  Petitioner has not stated in his complaint that respondent's comment, made almost two years ago, has had any lasting, negative effect on him.  Furthermore, petitioner does not describe any other racially offensive behavior on the part of respondent during his incarceration at the Dane County Jail.  Because respondent's comment was nothing more than an unprofessional, insensitive act, I will dismiss petitioner's claim against respondent for failure to state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(e)(2) for petitioner's failure to state a claim upon which relief may be granted.  The clerk of court is directed to close the file.

Entered this 28th day of January, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge